ENOCH FAW, for plaintiffs.

---

CLEMENT, ex'r, *et al. v.* HAWKINS, ordinary, for use, etc.

LUMPKIN, J.—1. The defense to an action upon an administrator's bond, brought by the ordinary for the use of an heir of the intestate's estate, for a distributive share therein, being that the administrator had paid out the entire estate, or its proceeds, upon debts due by the deceased, in order to sustain this defense it was essential to show, not only that the entire estate was in fact paid out and exhausted, but also that the payments by the administrator were upon valid and lawful debts or demands against the estate.

2. No returns having been made to the ordinary showing the administrator's disbursements, the evidence in this case did not so plainly establish the defense above indicated as to require a finding for the defendants. This being so, and there being ample evidence to sustain the verdict in the plaintiff's favor, this court will not control the discretion of the trial judge in refusing to set it aside.

July 29, 1895.                                          *Judgment affirmed.*

Action on bond. Before Judge GOBER. Forsyth superior court. August term, 1894.

In November, 1874, I. S. Clement qualified as administrator of Mrs. Medlock, who had died leaving her husband and one child, the plaintiff, who was then thirteen years of age. Clement died in December, 1891, and in October, 1893, this suit was brought on his administration bond. He had made no annual return as administrator. He had sold nearly or quite all the property of the estate. It did not appear that plaintiff had received anything therefrom. She testified that she had not, and that her mother was but little in debt when she died. Defendants introduced a number of receipts for various payments made by the administrator on account of debts claimed to be due by the estate, with proof of the genuineness of the signatures thereto. The evidence is quite indefinite as to the character of some of these claims, their correctness, justice or validity; though others of them appear to have been for physician's bill for services to Mrs. Medlock, for medicine, for appraisers' services, for legal advertising, etc. The jury found for the plaintiff $72, and defendants' motion on the general grounds for a new trial was overruled.

G. L. BELL and W. W. BRASWELL, for plaintiffs in error. H. L. PATTERSON, *contra.*